IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Diaz,                  :
          Petitioner        :
                      :   No. 1415 C.D. 2019
          v.            :
                      :   Submitted: March 13, 2020
Pennsylvania Board of Probation  :
and Parole,              :
          Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: May 12, 2020

Raymond Diaz (Diaz) petitions for review of the September 16, 2019 order of the Pennsylvania Board of Probation and Parole (Board),[1] which denied his request for administrative relief from the Board's May 17, 2019 order recommitting him as both a technical parole violator (TPV) and a convicted parole violator (CPV) and recalculating his maximum sentence date.

On December 17, 2013, Diaz pled guilty to possession of a controlled substance with intent to deliver. Subsequently, a court of common pleas sentenced him to 2 years and 3 months to 5 years of imprisonment. The Board calculated Diaz's

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020). *See also* sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa.C.S. §§6101, 6111(a).

original minimum sentence date as November 20, 2015, and his maximum sentence date as August 20, 2018. (Certified Record (C.R.) at 1-2.)

On May 20, 2016, the Board issued a decision granting Diaz parole and released him to an approved residence on July 5, 2016. As a condition of his parole, Diaz was obligated to report to the Board's northwest office in the Philadelphia area and could not leave the district without receiving prior written approval from the parole supervision staff. While Diaz was at liberty on parole, police officers conducted controlled drug purchases from Diaz and secured a search warrant for his residence on August 16, 2017. During the search, the police officers confiscated 27 grams of cocaine and a .38 special revolver. The police officers arrested Diaz on August 16, 2017, in Lackawanna County, and the Board issued a warrant to commit and detain him on that same day. Thereafter, the prosecuting authority charged Diaz with multiple drug-related offenses and unlawful possession of a firearm. (C.R. at 4-10, 12-18.)

On August 28, 2017, the Board issued Diaz a notice charging him with a technical parole violation for leaving the district without obtaining the necessary approval. On that same date, Diaz waived his right to a hearing and right to counsel and admitted that he violated a technical condition of his parole. On October 12, 2017, the Board rendered a decision to commit and detain Diaz pending disposition of the criminal charges. In the same decision, the Board recommitted Diaz as a TPV and ordered that he serve 6 months of backtime before he could be eligible for re-parole. (C.R. at 22-23, 25, 41-43.)

On December 5, 2018, a jury found Diaz guilty of various crimes and offenses, including, *inter alia*, possession of a controlled substance with intent to deliver, delivery of a controlled substance, and unlawful possession of a firearm. On February 29, 2019, a trial judge in the Court of Common Pleas of Lackawanna County

2

sentenced Diaz to an aggregate term of 12 to 23 years and 4 months of imprisonment. (C.R. at 44, 46, 56-59, 91-92.)

On March 5, 2019, the Board conducted a parole revocation hearing. Having received certified proof that Diaz was convicted of crimes while at liberty on parole, the Board recommitted him as a CPV. (C.R. at 62, 84, 88.) In so doing, the Board did not award Diaz any credit for time spent at liberty on parole because his "[n]ew conviction[s] were same/similar to the original offense" and "the conviction[s] involved possession of a weapon." (C.R. at 84.)

On April 8, 2019, and May 17, 2019, the Board issued decisions that referred to and incorporated its previous decisions. Specifically, the Board reiterated that it recommitted Diaz as a TPV to serve 6 months of backtime. The Board clarified that it also recommitted Diaz as a CPV and ordered him to serve the remainder of his unexpired term, when available, and upon his return to a state correctional institution. In these decisions, the Board calculated the unexpired term of Diaz's original sentence to be 2 years, 1 month, and 14 days. The Board then added this time to February 28, 2019, the date Diaz was sentenced in the Lackawanna County case and became available to serve his original sentence, and arrived at a new maximum sentence date of April 13, 2021. (C.R. at 100-05, 108.)

On May 23, 2019, Diaz filed an administrative remedies form. Diaz asserted that he had already served the 6 months of backtime that the Board imposed in connection with his recommitment as a TPV and requested that he receive credit for 6 months on his original sentence. (C.R. at 110-13.)

On September 16, 2019, the Board issued a decision denying Diaz's administrative appeal and affirming its prior decisions. (C.R. at 116-17.) Diaz then filed a petition for review in this Court.

3

On appeal,[2] Diaz argues that the Board erred in "recommitting [him] to a period of up to 6 months for a minor technical parole violation," (Diaz's Br. at 12), and emphasizes the fact that, while at liberty on parole, he spent over a year in good standing. Diaz asserts that because "he [had] completed in excess of [] 6 months" in good standing prior to his recommitment, "fairness dictates that he receive credit for said time." *Id.* at 13.

Diaz's arguments, however, are founded on a misapprehension of the law governing the concepts of backtime, recommitment as a TPV, and credit for time spent at liberty on parole.

First, although Diaz spent more than 6 months in good standing from the time of his release to parole, July 5, 2016, until the date of his arrest, August 16, 2017, the Board's imposition of backtime has nothing do with the maximum date of his original, judicially imposed sentence. Rather, backtime is a numerical figure that is used by the Board to calculate and create the date of a prisoner's eligibility for re-parole. *Krantz v. Pennsylvania Board of Probation and Parole*, 483 A.2d 1044, 1047-48 (Pa. Cmwlth. 1984).[3] Because the Board's imposition of backtime has no effect on

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

[3] In *Krantz*, this Court thoroughly explained:

[U]nder Pennsylvania law, the sentence imposed for a criminal offense is the maximum term. The minimum term merely sets the date prior to which a prisoner may not be paroled. Under Pennsylvania law a prisoner has no absolute right to be released from prison on parole upon the expiration of the prisoner's minimum term. A prisoner has a right only to *apply* for parole at the expiration of his or her minimum term and have that application *considered* by the Board. The significance of a parolee's minimum term is that it establishes a parole eligibility date.

the maximum date of Diaz's original, judicially imposed sentence, Diaz is not entitled to—and necessarily cannot receive—any type of credit toward that maximum sentence date. *Cf. id.* at 1048 (concluding that the Board is not required "to grant a parolee credit against backtime for confinement [and] time served" because an award of sentencing credit does not pertain to backtime and must instead be applied to the parolee's maximum term).

Second, in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019) (en banc), *appeal denied*, __ A.3d __, (Pa., No. 92 EAL 2019, March 27, 2020), this Court held that when the Board recommits an inmate who is on re-parole as a CPV, the Board cannot revoke credit that the inmate was granted in a previous parole period that resulted in recommitment as a TPV. Here, however, "the Board recommitted [Diaz] as both a TPV and a CPV for the same parole period, and [Diaz] does not have any prior instances of parole that resulted in a grant of credit

---

> We are also compelled to distinguish the backtime imposed by the Board upon parole violators from sentences imposed by the judiciary upon convicted criminal defendants. A "sentence" has been defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *criminal* prosecution which awards the punishment to be inflicted. By comparison, "backtime" is merely that part of an *existing* judicially[]imposed sentence which the Board directs a parolee to complete following a finding after a *civil* administrative hearing that the parolee violated the terms and conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole. We have previously held that the Board's imposition of backtime is not a sentence on the parole violation nor analogous to a sentence. Rather, when the Board imposes backtime, it is establishing a new parole eligibility date for the parolee, in effect, a recomputed minimum term. Upon completion of the Board-imposed backtime, the parolee has a right to again apply for parole and have the Board consider that application.

*Id.* at 1047-48 (internal citations omitted) (emphasis in original).

for recommitment as a TPV." *Vieldhouse v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 803 C.D. 2018, filed March 1, 2019) (unreported), slip op. at 8 n.4.[4] "Hence, our recent decision in [*Penjuke*] is inapplicable." *Vieldhouse*, slip op. at 8 n.4. As such, Diaz is not entitled to any credit for time spent in good standing by virtue of the fact that the Board recommitted him, in part, as a TPV.

Third, section 6138(a)(2.1) of the Parole Code vests the Board with discretion to grant a CPV with credit for time spent at liberty on parole. 61 Pa.C.S. §6138(a)(2.1). *See also Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). In *Pittman,* our Supreme Court concluded that if the Board exercises its discretion pursuant to section 6138(a)(2.1) and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. Here, however, the Board declined to award Diaz with credit under section 6138(a)(2.1), and Diaz does not contest the legal sufficiency of the Board's reasons for doing so.[5] Therefore, because the Board determined that Diaz is not entitled to any credit for time that he spent in good standing prior to engaging in conduct that led to his recommitment as a CPV, Diaz cannot claim that he is owed credit on his original sentence.

In addition, Diaz argues that the Board, in failing to grant him credit, unlawfully extended his judicially imposed maximum sentence in violation of the cruel

---

[4] We cite this Court's unreported decision in *Vieldhouse* as persuasive authority pursuant to section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[5] In any event, this Court has held that the reasons provided by the Board in this case for denying Diaz credit as a CPV satisfied *Pittman*'s contemporaneous statement requirement. *See Marshall v. Pennsylvania Board of Probation and Parole*, 200 A.3d 643, 650-51 (Pa. Cmwlth. 2018) (noting that the Board articulated adequate reasons for denying credit under *Pittman* when the Board noted that the parolee's "conviction involved possession of a weapon" and, also, where the Board noted that the parolee obtained another or "new drug-related conviction").

and unusual punishment clause of the Eighth Amendment[6] and the *ex post facto* clause of article I, section 10 of the United States Constitution.[7]

However, "[w]hen imposing backtime, the [B]oard directs a parolee to complete the original judicially[]mandated sentence, and does not impose any additional sentence on the parolee." *Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). Relying in large part on this basic, underlying rationale, the Courts of this Commonwealth have rejected Diaz's constitutional arguments. *See Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 846-47, n.8 (Pa. 1979) (concluding that "a denial of credit does not constitute an enhancement of a sentence so as to raise federal constitutional implications" and citing with approval Pennsylvania cases holding that the denial of credit does not contravene the *ex post facto* clause); *Monroe v. Pennsylvania Board of Probation and Parole*, 555 A.2d 295, 296 (Pa. Cmwlth. 1989) (dismissing the petitioner's argument that the denial of credit violates the constitutional prohibition on cruel and unusual punishment and citing Pennsylvania cases that have so held). Therefore, Diaz's constitutional arguments fail as a matter of law.

Accordingly, having concluded that Diaz's assertions on appeal lack merit, we affirm the Board's order recommitting him as both a TPV and a CPV.

 

 

_____

PATRICIA A. McCULLOUGH, Judge

---

[6] U.S. Const. amend. VIII.

[7] U.S. Const. art. I, §10.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Raymond Diaz,                      :

           Petitioner        :

                          :   No.  1415 C.D. 2019

        v.                    :

                          :

Pennsylvania Board of Probation  :

and Parole,                  :

           Respondent    :

## ***ORDER***

AND NOW, this 12th day of May, 2020, the September 16, 2019 order of the Pennsylvania Board of Probation and Parole is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge